## IN  THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EARL HOLEMAN #342-388
     Petitioner                       :

     v.                          :     CIVIL ACTION NO. JKB-12-2315

WARDEN                          :
     Respondent

### MEMORANDUM

On August 1, 2012,[1]  the Clerk received petitioner Earl Holeman's 28 U.S.C. § 2254 habeas corpus application attacking his 2007 Maryland judgment of conviction for first-degree murder.[2] ECF No. 1.   Respondent filed an answer which solely addresses the timeliness of petitioner's application. ECF No. 7.   Petitioner was advised of his opportunity to file a reply (ECF No. 8), but has not done so.   The court finds no need for an evidentiary hearing, *see* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2), and for reasons set forth herein shall dismiss the petition as time-barred and decline to issue a Certificate of Appealability.

Procedural History

On March 27, 2007, petitioner pleaded guilty in the Circuit Court for Baltimore City to first-degree murder. ECF No. 7, Ex. 1.    That same day, the court imposed a sentence of life imprisonment with all but thirty years suspended. *Id.*  Petitioner did not seek leave to appeal the

---

[1] The petition is dated July 29, 2012, and thus deemed filed on that date. *See Houston v. Lack,* 487 U.S. 266 (1988); *United States. v. Dorsey,* 988 F.Supp. 917, 919-20 (D. Md. 1998).

[2] Petitioner complains that he was never provided his transcripts and that counsel failed to issue subpoenas for those able to verify his history of mental illness.  He alludes to ineffective assistance of trial counsel and claims he was denied equal protection under the law. ECF No. 1, pp. 1-3.

entry of the guilty plea and sentence. *Id.* Thus, petitioner's conviction became final for direct appeal purposes on April 26, 2007, when time to seek leave to appeal expired.[3]   A motion for modification of sentence filed on April 23, 2007 was denied on August 20, 2007.  ECF No. 7, Ex. 1, p. 5.

On August 15, 2008, petitioner initiated post-conviction relief in the Circuit Court for Baltimore City. *Id.,* Ex. 1, p. 6.  On April 10, 2009, the court denied petitioner's motion to withdraw the petition and dismissed the post-conviction petition with prejudice. *Id.*  Petitioner did not seek leave to appeal this ruling, which became final on May 11, 2009.[4]  More than one year later, on November 29, 2010, petitioner sought to reopen post-conviction proceedings. *Id.,* Ex. 1, p. 7.  The motion to reopen was denied on December 16, 2010. *Id.,* Ex. 1, pp. 7-8. Petitioner did not seek to appeal this ruling, which became final on January 18, 2011.

Standard of Review

Title 28 U.S.C. § 2244(d)[5] provides a one-year statute of limitations in non-capital cases for those convicted in state court.  This one-year period is, however, tolled while properly filed

---

[3] *See* Md. Code Ann., Cts. & Jud. Proc. Art., § 12-302(e) (2007) (appeal of guilty plea is by way of application for leave to appeal); Md. Rule 8-204(b) (application for leave to appeal must be filed within 30 days after entry of judgment or order from which appeal is sought).

[4] *See* Md. Rule 8-204(b).

[5] This section provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998).

In *Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549 (2010), the Supreme Court held that equitable tolling applies to the statute of limitations for post-conviction petitions filed under § 2254. *Id.* at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d at 329-30.[6]

### Analysis

Petitioner's judgment of conviction became final for direct appeal purposes on April 26, 2007. Between April 26, 2007 and April 26, 2008, petitioner had no pending post-conviction or other collateral proceedings that would have tolled the limitations period set forth in 28 U.S.C. § 2244(d).

The issue of whether a motion for reconsideration of sentence filed pursuant to Maryland Rule 4-345 tolls the statutory limitations period is before this court in *Tasker v. State of*

---

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[6] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

*Maryland*, Civil Action No. AW-11-1869 (D. Md.). Even if the court assumed the initial motion for modification of sentence, filed on April 23, 2007 and denied on August 20, 2007, tolled the limitations period, the instant petition still would be time-barred. Petitioner had no collateral challenges to his conviction and sentence pending between August 20, 2007 and August 15, 2008 (360 days), May 11, 2009 and November 29, 2010 (more than eighteen months), and January 18, 2011 and July 29, 2012 (more than eighteen months). By the time petitioner initiated post-conviction proceedings on July 29, 2012, the one-year limitations had long expired; thus, the instant petition clearly is time-barred pursuant to 28 U.S.C. § 2244(d).

Petitioner complains that his inability to obtain transcripts somehow hindered his ability to challenge his conviction. ECF No. 1, pp. 2-3. This threadbare claim, without more, does not present a valid basis for equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (equitable tolling requires showing that petitioner pursued his rights diligently and extraordinary circumstance "stood in his way."); *see also Holland*, 130 S.Ct. 2562 (equitable tolling limited to extraordinary circumstance). Equitable tolling is not warranted here.

Under the amendments to Rule 11(a) of the *Rules Governing Proceedings under Section 2254* "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…if the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that … jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Slack,* 529 U.S. at 484.  Petitioner has not satisfied this standard, and the court declines

to issue a Certificate of Appealability.   A separate order follows.


DATED this _____ day of January, 2013.


BY THE COURT:


James K. Bredar
United States District Judge